IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LISA ALCORN, as Plenary Guardian of the Estate and Person of TYLER LUMAR, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:17-cv-05859 |
| v. | ) ) | Honorable Judge Virginia M. Kendall |
| THE CITY OF CHICAGO, et al., | ) ) | Magistrate Judge Sunil R. Harjani |
| Defendants. | ) ) | |

## JOINT INITIAL STATUS REPORT MIDP

**1. Description of Claims and Relief Sought.**

    a.    Describe the claims and defenses raised by the pleadings, including the basis for federal jurisdiction.

This action is brought pursuant to 42 USC § 1983. This Court has jurisdiction of Plaintiff's federal claims pursuant to 28 U.S.C. §1331.

Pursuant to the Second Amended Complaint, Plaintiff's claims against Defendants are as follows:

Against Individual Chicago Police Officers
1) Count I: Wrongful/unlawful detention in violation of 4th Amendment (dismissed without prejudice, Dkt. No. 116).
2) Count III: Unlawful arrest/detention in violation of 4th Amendment
3) Count V: Unlawful arrest and detention in violation of 4th Amendment (dismissed without prejudice, Dkt. No. 116).
4) Count VII: Deliberate indifference (denial of medical care and confinement) in violation of 4th Amendment

Against City of Chicago
1) Count II: Municipal liability/*Monell* claim
2) Count VI: Municipal liability/*Monell* claim (dismissed without prejudice, Dkt. No. 116).
3) Count VIII: Municipal liability/*Monell* claim (dismissed without prejudice, Dkt. No. 116).
4) Count IX: State law claim for wrongful death

Against Cook County
1)     Count IV: Municipal liability/*Monell* claim (dismissed without prejudice, Dkt. No. 116).
2)     Count X: State law claim for wrongful death

All Defendants have denied all accusations against them. At this time, Defendants have no counterclaims.

    b.    State the relief sought, including an itemization of damages.

Lumar sustained catastrophic neurological damage but did make progress over the months following the incident. However, he died of complications from the brain injury on April 18, 2018.

Plaintiff has previously submitted a settlement letter to Defendants, and to the Court, itemizing the relief sought, including economic damages of medical expenses of approximately $2,005,739.15 and a preliminary conservative lost earning capacity damages of approximately $ $1,075,000.00. Plaintiff seeks damages for the pain and suffering and loss of normal life/disability Tyler Lumar suffered prior to his death in addition to all damages available to Tyler's heirs under the wrongful death act, including grief and sorrow.

**2.**    **Referral Cases.**

Describe the matter(s) referred to the magistrate judge:

The matter has been referred to Judge Harjani for discovery purposes, as well as settlement.

**3.**    **Discovery Schedule.**

Identify any existing discovery cut-off dates. If no discovery schedule has yet been set and in referral cases, the case has been referred for discovery supervision, the parties should confer and submit the following information:

Judge Kendall set a fact discovery cut-off of October 4, 2019.

    **a.**    **For Cases in the Mandatory Initial Discovery Pilot Project:**

        i.    The due date of the mandatory initial discovery responses.

            The parties have already provided mandatory initial discovery responses pursuant to MIDP.

        ii.    The due date of the Electronically Stored Information (ESI) identified in the mandatory initial discovery responses.

            Not applicable.

        iii.    After the mandatory initial discovery responses have been provided, a date to issue any additional written discovery.

     The parties have agreed to issue any additional written discovery by March 12, 2019.

     **For Cases Exempt from the Mandatory Initial Discovery Pilot Project:**

  i.  The due date for Fed. R. Civ. P. 26(a)(1) disclosures.

    Not applicable. See above.

  ii.  A date to issue written discovery requests.

    Not applicable. See above.

 b. A fact discovery completion date. For claims involving medical conditions, fact discovery ordinarily includes treating physician depositions.

  Judge Kendall set a fact discovery cut-off of October 4, 2019.

 c. If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports and rebuttal reports, if any (or summaries for non-retained expert testimony).

  It is anticipated Judge Kendall will set an expert discovery schedule on October 7, 2019, at the next status hearing.

**4. Consideration of Issues Concerning ESI.**

State whether the parties anticipate or are engaged in discovery of ESI in this case, and, if so, what agreements have been reached regarding ESI and whether there are any areas of disagreements regarding ESI.

Please note the Court has adopted the Principles of the Seventh Circuit Electronic Discovery Pilot Program and the parties should be familiar with them. In a patent case, the Court will apply the Local Patent Rules for Electronically Stored Information.

 Not applicable.

**5. Settlement.**

 a. Describe the status of settlement discussions.

  The parties participated in a settlement conference with this Court on February 5, 2019.

 b. State whether the parties believe a settlement conference would be productive at this time, and if not, briefly explain why.

3

      The parties do not believe another settlement conference would be productive at this time because the parties need to proceed with certain fact discovery before determining if an additional settlement conference would be productive.

**6.    Magistrate Judge Consent.**

State whether all parties will consent to have Judge Harjani conduct all further proceedings in this case, including trial and entry of final judgment, in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

At this time, the parties do not unanimously consent to proceed before Judge Harjani on all further proceedings.

**7.    Pending Motions.**

Indicate the status of any pending motions

There are no pending motions at this time.

**8.    Trial.**

In consent cases, state whether a jury trial is requested, the date when the parties expect to be ready for trial, and the probable length of trial.

Not applicable.

**9.    Other Matters.**

State any other matters that should be brought to the Court's attention for scheduling purposes.

None at this time.

Respectfully submitted,

| s/ Eileen M. O'Connor | s/ Katherine C. Morrison |
|---|---|
| Eileen M. O'Connor | Terrence M. Burns |
| Bryan J. O'Connor, Sr. | Elizabeth A. Ekl |
| O'Connor Law Group, LLC | Paul A. Michalik |
| 140 S. Dearborn, Suite 320 | Katherine C. Morrison |
| Chicago, IL 60603 | Reiter Burns LLP |
| (312) 236-1814 | 311 S. Wacker Dr., Suite 5200 |
| | Chicago, IL 60606 |
| | 312-982-0090 |

5

| | |
|---|---|
| s/ Elaine C. Davenport | s/ John Power |
| Elaine C. Davenport<br>Sanchez Daniels & Hoffman LLP<br>333 West Wacker Drive<br>Suite 500<br>Chicago, IL 60606<br>(312) 641-1555 | John Power<br>Jenna A. McMahon<br>Cook County State's Attorney's Office<br>500 Daley Center<br>Chicago, IL 60602<br>(312) 603-6189 |