UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LISA ALCORN, as Independent Administrator of the Estate of TYLER LUMAR, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 17 C 5859 |
| v. | ) ) | Honorable Judge Virginia M. Kendall |
| THE CITY OF CHICAGO, et. al, | ) ) | Magistrate Judge |
| Defendants. | ) | Sunil R. Harjani |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR RULING ON PARAMETERS ON THE RECORDING OF DEPOSITIONS PROCEEDING VIA ZOOM**

NOW COMES the Plaintiff LISA ALCORN, by her attorneys, O'CONNOR LAW GROUP, LLC, and THE KHOWAJA LAW FIRM, LLC, and in responding to Defendants' Motion for Ruling on Parameters on the Recording of Depositions Proceeding via Zoom, states as follows:

**INTRODUCTION**

Although not identified as such in their motion, Defendants are presumably moving for a Protective Order pursuant to Fed. R. Civ. P. 26(C). Rule 26(c) provides that protective orders may address "matters relating to a deposition" and that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). The party seeking a protective order bears the burden of demonstrating why the order should be entered. *Global Material Techs., Inc. v. Dazheng Metal Fibre Co., Ltd.*, 133 F.Supp.3d 1079, 1084 (N.D.Ill. 2015).

Plaintiff has provided notice to Defendants of her intention to video record certain depositions taken in the case at bar via Zoom. Defendants, without pointing to any competent

legal authority, have objected to the way Plaintiff will video record the deposition. Plaintiff has advised Defendants that she intends to video record the deposition in the manner that the Zoom application presents the proceedings, i.e., whichever individual is speaking will be video recorded. Defendants object to this procedure.

## DISCUSSION

The procedures regarding the recording of depositions are contained in Fed. R. Civ. P. 30. Significantly, Defendants never cite to, reference, or in any way point to perceived violations of Rule 30 by Plaintiff. In fact, Defendants' motion demonstrates that Plaintiff will maintain full compliance with Rule 30 in all regards during the deposition testimony. Rule 30 provides that the party who notices the deposition must state in the notice the method for recording the testimony. Fed. R. Civ. P. 30(b)(3)(A). As Defendants concede in their motion, Plaintiff has met this requirement through the service of a "Cross Notice of Recorded Discovery Deposition." Rule 30 further states that, "[U]nless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means." *Id*.

Defendants demand, but fail to provide any supporting authority, that the deposition be recorded only by a "certified videographer." Rule 30 has no such requirement. As District Judge Peterson in the Western District of Wisconsin has recently ordered, "Defendants can use Zoom or similar technology to capture an audio and video recording of the depositions that can be submitted later for transcription, or a court reporter can participate in the Zoom deposition." *Thom v. Garrigan*, No. 18-CV-582, Doc. 97, p.8 (W.D. Wis. May 21, 2020, Peterson, J.). In this case, a court reporter will be participating in the Zoom deposition. As such, the requirement that absent a stipulation by the parties otherwise, a deposition must be conducted before an officer

appointed or designated under Fed. R. Civ. P. 28, will be unquestionably met. *See* Fed. R. Civ. P. 30(b)(5)(A).

Defendants object to the possibility that they while the parties' attorneys are speaking during the deposition, they will be video recorded. There is no legal basis for this objection. Rule 30 clearly contemplates that both deponents and attorneys may be captured on a video recording of a deposition. Rule 30 provides that, "[T]he deponent's and attorneys' appearance or demeanor must not be distorted through recording techniques. Fed. R. Civ. P. 30(b)(5)(B). Since Rule 30 plainly contemplates that both the deponent and the attorneys may be video recorded, Defendants' motion is baseless.

Discovery in this case is governed, in part, by a Confidentiality Order entered by the District Court on May 31, 2017. Doc. 54. Defendants do not allege that Plaintiff has violated, or intends to violate, that order. Plaintiff intends to fully comply with all orders of the Court and with the Rules of Civil Procedure. Defendants are unable to claim otherwise. The fact that Defendants cite no authority for their position is telling. Plaintiff has a right to conduct discovery pursuant to the Federal Rules and the orders of the Court. Defendants merely prefer that the depositions proceed by their own rules, in the manner they choose, rather than by the Federal Rules of Civil Procedure. Accordingly, the Court should deny Defendants' motion.

## CONCLUSION

WHEREFORE the Plaintiff LISA ALCORN, for all of the foregoing reasons, respectfully requests that this Honorable Court deny Defendants' Motion for Ruling on Parameters on the Recording of Depositions Proceeding via Zoom and grant such other relief as this court deems just and appropriate.

Respectfully submitted,

/S/*Donald J. Pechous*
Donald J. Pechous

Attorneys for Plaintiff:

Donald J. Pechous
The Khowaja Law Firm, LLC
8 S. Michigan Ave., Suite 2600
Chicago, IL 60603
312-388-1198
Email: dpechous@khowajalaw.com

Eileen M. O'Connor
Bryan J. O'Connor, Sr.
O'Connor Law Group, LLC
19 S. LaSalle St., Suite 1200
Chicago, IL 60603
312-236-1814
Email: eoc@oconnorlawgroup.com
boc@oconnorlawgroup.com