IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA ALCORN, as Plenary Guardian Of the Estate and Person of TYLER LUMAR,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>THE CITY OF CHICAGO, et. al.,<br><br>　　　　　Defendants. | Case No. 17 C 5859<br><br>Magistrate Judge Sunil R. Harjani |

**MEMORANDUM OPINION AND ORDER**

The issue presented is one that is novel and a product of the national health crisis that we are currently facing. Since April 2020, attorneys have been conducting an extraordinary number of depositions remotely using videoconferencing technology. While technology has changed the dynamics of the practice of law, some things have remained the same. A court reporter is still a fixed and necessary presence at a deposition, and is charged under the Federal Rules of Civil Procedure with ensuring the integrity of the deposition. The question presented in this matter is whether a party can record a deposition, using the "Zoom" record function, where the court reporter has been retained only to stenographically record the deposition, and has declined to certify the video recording as an accurate record of the witness's testimony. Defendants have objected to recording and further ask this Court to establish procedures regarding the use of the Zoom record function for upcoming depositions. For the reasons stated below, Defendants' motion is granted in part and denied in part.

**Discussion**

The parties in this case have been engaged in discovery for several years. Since the pandemic, depositions have continued through the use of videoconferencing technology. Plaintiff

1

has now requested that, for the seven upcoming depositions, the depositions be recorded using the record function on the Zoom videoconferencing technology. Notice has properly been given to opposing counsel pursuant to Federal Rule of Civil Procedure 30(b)(3). According to Plaintiff, a court reporter will be present during the deposition, and will prepare a transcript and certify that transcript of the deposition. However, the court reporter will not certify the Zoom video recording without the hiring and presence of a videographer, who has her own procedures and technology for a certified video deposition. In Plaintiff's view, this distinction is immaterial, she has declined to hire a certified videographer, and she argues that the Federal Rules of Civil Procedure permit her proposed approach. Moreover, Plaintiff has advocated that she be allowed to use the uncertified Zoom recorded deposition at summary judgment and trial as evidence. Defendants object and seek a certified videographer for any recording of a videoconference deposition.

The Court has broad authority to manage the discovery process under Federal Rule of Civil Procedure 26, and Rule 26(c) expressly allows the Court to enter orders to manage discovery to avoid undue burden and expenses. In addition, Rule 30(b)(4) authorizes the Court to order a deposition by remote means, and Rule 30(d)(3)(B) allows the Court to limit the scope and manner of the deposition.

Certification of a deposition is not a trivial function. The process is expressly delineated in the Federal Rules of Civil Procedure. A court reporter is typically the officer appointed or designated under Rule 28, and must begin the deposition with an on-the-record statement that includes the court reporter's name and business address, the date, time and place of the deposition, the deponent's name, the court reporter's administration of the oath or affirmation to the deponent, and the identity of all persons present. Fed. R. Civ. P. 30(b)(5)(A). The court reporter is charged with ensuring that the deponent's and the attorney's appearance or demeanor is not distorted

through recording techniques. Fed. R. Civ. P. 30(b)(5)(B). The court reporter also manages the review and edits to the transcript. Fed. R. Civ. P. 30(e). After the deposition, the court reporter certifies in writing that the witness was duly sworn and that the deposition accurately records the witness's testimony. Fed. R. Civ. P. 30(f). That certificate must accompany the record of the deposition, and the officer must seal the deposition in an envelope or package with a marking of the deponent's name and send it to the deposing attorney. *Id.* The court reporter also retains the stenographic notes of the deposition or a copy of the recording of a deposition. Fed. R. Civ. P. 30(f)(3). These procedures are designed to ensure that a neutral individual administers the oath and that the deposition is an accurate reflection of the witness's testimony. It removes doubt as to whether a recording or transcript has been tampered with or edited by either party. The process also maintains the integrity of the deposition, which can involve managing changes to the transcript, custody of the deposition materials, and appearances on video. *See, e.g.*, *EBC, Inc. v. Clark Bldg. Syst. Inc*., 618 F.3d 253, 265 (3d Cir. 2010) (discussing the importance of the court reporter's certification to prove that changes to a transcript were requested within 30 days).

Plaintiff's proposal in this case is untenable. If permitted, Plaintiff would obtain a certified transcript of the recording but an uncertified video recording of the deposition. Yet, Plaintiff seeks to use both the transcript and the recording as equals at her discretion. As a result, the process outlined in the Federal Rules of Civil Procedure to ensure the integrity of the deposition would be bypassed. The court reporter would not be managing the appearance or demeanor of anyone on the screen, any edits to the recording, or the sealing and maintaining of the recording. There would be no certification that the Zoom video recording accurately captures the testimony of the deponent. Plaintiff's proposal essentially seeks an end-run around the procedures outlined in Rule 30.

Plaintiff points out that the certified stenographic recording and transcript is available for comparison to affirm the accuracy of the video recording. In Plaintiff's mind, that solves the issue. However, the Federal Rules do not put the onus on the parties, as interested participants, to ensure the integrity of the proceeding. Rule 28(c) expressly disqualifies an attorney for the parties to qualify as an officer under Rule 28. Rather, it is the court reporter, as the designated Rule 28 officer, that is charged with affirming the accuracy of any method used to memorialize the deposition testimony. The court reporter in this case, who will stenographically record and transcribe the deposition, has declined to certify the accuracy of the Zoom recording as it is not his function. Rather, it is a certified videographer who has the appropriate training to serve as the Rule 28 officer, and ensure that a video deposition is properly recorded with established procedures to go on or off the record, limit noise and interruptions, address technical glitches, and frame the camera view on the witness. And it is the videographer who will complete the necessary certification under the Federal Rules to affirm the accuracy of the video recording of the deposition, not the stenographic reporter. Nothing in Rule 30 allows a party to engage in a secondary recording or transcription of a deposition, and treat that recording as the equivalent of a certified deposition. Taking it to its logical conclusion, under Plaintiff's proposal, counsel could whip out an iPhone at an in-person deposition, video record the deposition, and claim that that the recording is the equivalent of the certified transcript prepared by the court reporter. The opposing party may then choose to do the same, resulting in two competing and non-certified iPhone videos of the deposition, and one certified transcript. Are all three versions to be treated equally under Rule 30 as evidence that is potentially admissible at trial? Of course not. There would be no point to Rule 30's officer and certification requirements if that were the case. That certification is important. For example, courts have raised concern upon receipt of deposition excerpts without

4

the necessary certifications at summary judgment. *See, e.g.*, *Orr v. Bank of America*, 285 F.3d 764, 774 (9th Cir. 2002) ("A deposition or an extract therefrom is authenticated in a motion for summary judgment when it identifies the names of the deponent and the action and includes the reporter's certification that the deposition is a true record of the testimony of the deponent."); *Contreras v. American Family Mutual Ins. Co*., 135 F. Supp. 3d 1208, 1217 (D. Nev. 2015) ("Plaintiffs have failed to authenticate the deposition because it is not signed by the court reporter."). Plaintiff has also argued that it is the court reporter that will hit the record button on Zoom (for a small additional fee), and not counsel, in advancing her proposal. While that would prevent any allegation of selective recording by one party, it still does not resolve the issue that a non-certified version of the deposition, which is not in compliance with Rule 30, will exist that the deposing counsel intends to use as equivalent trial evidence.

In an analogous situation, with respect to the video recording of in-person depositions, courts across the country have taking different approaches, but the Court finds persuasive those cases that have adhered to the text of the Federal Rules of Civil Procedure and declined to allow non-certified video recordings to be treated as the equivalent of a certified version. *See Schoolcraft v. City of New York*, 296 F.R.D. 213, 239 (S.D.N.Y. 2013) ("Although the Plaintiff may take video recordings in depositions for his own purposes, those recordings taken by counsel will not be admissible"); *Carvalho v. Reid*, 193 F.R.D. 149, 152 (S.D.N.Y. 2000) (denying "for failure to arrange to have the videotaping conducted by an appropriate person, as required by Rules 30(b)(4) and 28(c)"); *C.G. v. Winslow Twp. Bd. of Educ.*, No. 13-6278, 2015 WL 3794578, at *2-3 (D.N.J. June 17, 2015) (upholding ruling barring party's attorney from videotaping deposition because he was not "officer" under Rule 28, and Rule 30(b)(5)(A)(B) precludes party's counsel "from doing the recording himself"); *O'Boyle v. Sweetapple*, No. 14-cv-81250, 2016 WL 3647599, at *2-3

5

(S.D. Fla. June 30, 2016) (Plaintiff videotaped all depositions himself with his own camera but would not produce a copy to Defendant's counsel upon request, which court would have precluded or regulated had it known of it before depositions occurred); *C.f. Maranville v. Utah Valley Univ.*, No. 2:11cv958, 2012 WL 1493888 (D. Utah April 27, 2012) (denying requested protective order to prohibit plaintiff's counsel from videotaping depositions where stenographer would also be present, but not ruling on admissibility of recordings); *Pioneer Drive, LLC v. Nissan Diesel Am., Inc.*, 262 F.R.D. 552, 555 (D. Mont. 2009) (finding that the Rules "allow, at the very least, counsel to videotape a deposition in concert with a stenographer recording it").

What about the other logistics of a Zoom recorded deposition in the absence of a court videographer? Plaintiff seems perfectly fine with "Speaker view" or "Gallery view" on Zoom. With those vantage points, if the video deposition was ever played to a jury, the jury would be given an inside look into all the attorneys' home spaces, their tastes in books, photos of their families, their likely outdated CD collections, and the occasional child or pet that inevitably makes its way into the camera during a seven-hour deposition. None of this is necessary, and is frankly distracting. "Speaker view" is even more problematic, as lawyers often object after a question is posed, and lawyers and witnesses quite often speak over each other. That level of screen flipping is disconcerting. Nor should any counsel be forced to turn their camera off during the deposition and lose eye-contact with the witness, or use virtual backgrounds that appear to swallow a person when they shift positions. Gallery and Speaker views are also very different from the typical video deposition that focuses the camera solely on the witness to mimic where the jury's proper focus should be at trial. Can the chat function be used during the deposition? If used, the jury would see attorney's messages popping up during the deposition, which would be improper. These are the issues that arise by simply allowing anyone to hit the Zoom record button without proper

forethought. One court has gone to great lengths to address these issues prior to permitting a deposition to occur using the Zoom record function. *Townhouse Restaurant v. NUCO2, LLC*, 2020 WL 3316021 (S.D. Fla. May 5, 2020).

A videoconference deposition is not the same as a video-recorded deposition. The former uses remote technology to conduct a deposition; the latter records and preserves the deposition in video format that could one day serve as a substitute for live testimony. Plaintiff's proposal seeks to simply merge the two concepts without taking the necessary care and precautions that are required by the Federal Rules of Civil Procedure.

However, there are simple solutions at hand. Hire the videographer to conduct and certify the video deposition? Yes, that would indeed be a simple solution. But Plaintiff has pointed out that there is a cost differential between a court reporter using the stenographic method and a videographer, and Plaintiff seeks to avoid that extra cost here. Record the deposition and not use it as evidence in the case? Yes, that could solve the problem. When pressed at oral argument, Plaintiff agreed to stipulate that she would not use the recorded, uncertified video as evidence in the case if permitted to record via the Zoom function, and would solely rely upon the certified transcript. Presumably the recording would then only be used for refreshing the lawyer's recollection of the deposition and observing the witness's demeanor again. The actual utility of this recording is questionable. Nevertheless, Plaintiff's stipulation ensures that there is only one certified and official version of the deposition, which is the court-reporter certified transcript, and avoids the problematic issues outlined above.

The result is that Plaintiff cannot have it both ways. If the video recording is to become an official version of a deposition that can be used as evidence, the procedures of Rule 30 outlined above must be followed and a certified video recording must be obtained. If the video recording

is not used as evidence, then the Court sees no harm in allowing a recording to take place simply for use by the attorneys for their own internal trial preparation. With this option, the Court orders the parties to use the "Spotlight" function on Zoom, which will focus the camera view solely on the witness for the entirety of the deposition. This feature also ensures that the personal surroundings of the lawyers on camera are not captured, and also avoids the need for the lawyers to toggle their cameras off and on during the deposition. This is not to say that counsel in all cases can now start recording depositions with any device within reach. Rather, upon motion to the Court, the federal discovery rules do provide flexibility to courts to enter orders that tailor procedures to achieve the parties' needs and objectives in discovery.

It may be that one day the Judicial Conference and Congress will amend the Federal Rules of Civil Procedure to forgo the need to certify a video recording of a remote deposition that is also stenographically recorded by a court reporter. Or that one court reporter will handle and certify both the remote video and the stenographic recording. Certainly, technology has made it easy for any host to press the record button in a remote deposition, as opposed to the more cumbersome task of setting up a video camera in the corner of a live deposition. But easy does not mean permissible, and Rule 30 has a specific process for taking a deposition that is to be certified under the rules, and for ensuring that a disinterested third-party, designated as a Rule 28 officer, affirms the accuracy of the recording and vouches for the integrity of the final result. That process cannot be so easily circumvented.

## Conclusion

Defendant's Motion for Ruling on Parameters on the Recording of Depositions Proceeding via "Zoom" [262] is granted in part and denied in part. Plaintiff may only record the upcoming

remote depositions using the Zoom record function with a stipulation that she will not use the video recording as evidence in the case.

**SO ORDERED.**

Dated: August 20, 2020

                                                  Sunil R. Harjani
                                                  United States Magistrate Judge