IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA ALCORN, as Independent Administrator Of the Estate of TYLER LUMAR <br><br> Plaintiff <br> v. <br><br> THE CITY OF CHICAGO, a Municipal Corporation; SERGEANT KEVIN GEYER (#1679), Individually and as employees and/or agents of the CITY OF CHICAGO, <br><br> COOK COUNTY, OFFICER T. WLODARSKI, Individually and as employees and/or agents of the COOK COUNTY SHERIFF'S OFFICE <br><br> Defendants. | No. 17 CV 5859 <br><br> Judge Virginia M. Kendall |

**JOINT MOTION TO COMPEL EXPERT OPINION BASIS MATERIALS
AND TO EXTEND THE EXPERT DISCOVERY SCHEDULE**

NOW COME the Defendants, **KEVIN GEYER**, by and through his attorneys, Special Assistant Corporation Counsel Elaine C. Davenport of Sanchez Daniels & Hoffman LLP; **THE CITY OF CHICAGO** by and through its attorneys, Special Assistant Corporation Counsel Elizabeth A. Ekl of Reiter Burns LLP, and **THOMAS DART, SHERIFF OF COOK COUNTY**, by and through Assistant State's Attorney John Power of the State's Attorney's Office of Cook County in support of their Joint Motion to Compel Expert Opinion Basis Materials and to Extend the Expert Discovery Schedule, state as follows:

1. This matter involves certain alleged civil rights violations during a series of events occurring over a two-day period related to Plaintiff's arrest and detentions by the City of Chicago and the Cook County Sheriff's Office. *See generally Dkt.121.*

1

2. Litigation commenced in State Court on 26 August 2016 under cause number 16 L 8490. The matter was then transferred to the Northern District of Illinois, with the complaint having been filed on 11 August 2017. *Dkt.1*.

3. On 11 January 2018, Plaintiff filed a first amended complaint. *Dkt.292*. In response to this complaint, Defendants submitted dispositive motions.

4. On 27 July 2018, this Honorable Court entered an Order granting in part, denying in part Defendants' respective Motions to Dismiss. *Dkt.116*.

5. Plaintiff filed a second amended complaint on 27 August 2018. *Dkt.121*. Defendants submitted answers and affirmative defenses to the second amended complaint.

6. On 24 September 2020, Plaintiff filed a third amended complaint. *Dkt.279*. Defendants submitted motions to strike the Amended complaint *[Dkt.284, 285]*, which were both granted by this Honorable Court on 08 February 2021. *Dkt.306*.

7. On 20 November 2020, this Honorable Court entered an expert discovery schedule such that Plaintiff was to disclose experts on or before 18 January 2021 and those experts were to be deposed by 18 March 2021; and, Defendants' experts were to be disclosed by 18 May 2021 and deposed by 19 July 2021. *Dkt.295*.

8. The parties sought an extension to complete the expert depositions so that the depositions could be coordinated amongst the experts and parties and to allow time for the Defendants to obtain the experts' files. On 18 March 2021, this Honorable Court extended expert disclosures such that Plaintiff's experts were to be deposed by 07 May 2021, Defendants' disclosures by 18 June 2021, and Defendants' experts' depositions by 20 August 2021. *Dkt.312*.

9. Defendants timely proceeded with all Plaintiff's experts' depositions in accordance with the 18 March 2021 scheduling order, with the exception of Dr. Laurie Philipps, psychology

expert disclosed to opine regarding psychological damages of Tyler Lumar's minor daughter S.L., whose deposition was canceled based on Defendants' assertion that the expert file was not turned over. *Dkt.312.*

10. Defendants submitted a motion to extend expert discovery for the limited purpose of requesting additional time to complete Dr. Philipps' deposition, and thereafter disclose their rebuttal expert. *Dkt.315.*

11. This Honorable Court granted Defendants' limited motion extending expert discovery such that Dr. Laurie Philipps' deposition proceed by 18 July 2021; Defendants' rebuttal expert was to be disclosed by 18 August 2021 and deposed by 18 September 2021. *Dkt.317.* The Court set a further status date of 21 September 2021. *Dkt.317.*

12. Defendants timely disclosed their experts, except for the expert in rebuttal to Dr. Philipps. Plaintiff's counsel chose not to depose any of Defendants' disclosed expert witnesses. *Dkt.312.*

13. Dr. Laurie Philipps' deposition was scheduled to proceed on 29 July 2021 due to Dr. Philipps limited availability to sit for a deposition. Dr. Philipps' office did not produce her file until 23 July 2021, despite numerous requests to forward the file sooner. As Defendants reviewed the file in preparation for the deposition, they became aware that certain documents had not been produced. Defendants were then told for the first time that additional documents were being withheld on the basis of privilege. The parties attempted to resolve the document issues prior to Dr. Philipps' deposition but were unsuccessful and the deposition was canceled.

14. The parties moved by agreement to extend expert discovery to allow Plaintiff an opportunity to produce a privilege log itemizing withheld documents, to take the deposition of Dr. Philipps, and to disclosure/depose Defendants' rebuttal expert. *Dkt.324.* This Court granted the

extension, requiring Dr. Philipps be deposed by 30 September 2021, Defendants' rebuttal expert disclosed by 29 October 2021 and deposed by 30 November 2021. *Dkt.325.*

15. On 14 September 2021, Plaintiff provided a "privilege log" and advised that Dr. Philipp's first available date to sit for deposition was 04 October 2021, which was outside of the court ordered deadline. *Ex.1, email, Ex.2, Privilege Log.* The deposition was set for 25 October 2021 based on the schedules of the parties and Dr. Philipps. The parties disagreed that the documents Plaintiff claimed to be privileged were protected from production, however all agreed to proceed with the deposition of Dr. Philipps so that she may be deposed regarding the nature of the documents and not further hold up expert discovery. Dr. Philipps' deposition proceeded on 25 October 2021 as scheduled.

16. Plaintiff maintains that all questionnaires and testing solicited by his expert from S.L., S.L.'s mom, and S.L.'s teacher are privileged "raw data" and therefore protected from disclosure both to opposing counsel as well as to Defendants' rebuttal expert. *Ex.2.* Plaintiff fails to cite to any authority supporting this contention that all of the material is privileged and protected from production. Defendants disagree that the material is protected from disclosure and have attempted pursuant to Fed.R.Civ.P 37.2 to reach an accord regarding an appropriate method to resolve the discovery issue while simultaneously proceeding with expert discovery without further delay. The parties initially discussed having the material forwarded directly between Plaintiff's expert and Defendants' expert, and then reserve the right to argue admissibility at a later date. *Ex. 3, email.* Ultimately, Plaintiff's counsel advised that his expert insisted speak directly to Defendant's expert so that Plaintiff's expert may vet Defense counsel's expert's qualifications, to which defense counsel does not agree that such is an appropriate method to determine the

4

discoverability of the material. As the parties could not reach an agreement despite diligent attempts pursuant to Fed.R.Civ.P 37.2, Defendants submit this motion as opposed.

17. Under Federal Rule of Civil Procedure 26, a testifying expert's report must disclose all opinions that will be expressed, along with the expert witness's basis for such opinions. Fed.R.Civ.P. 26(a)(2)(B). The expert witness's report also must disclose "the facts or data considered by the witness in forming [her opinion]." *Id.* The purpose of the expert disclosure requirement is to ensure the opposing party has an adequate basis and opportunity to cross-examine the expert. *See Stollings v. Ryobi Techs., Inc.*, 725 F.3d 753, 765 (7th Cir. 2013). Plaintiff has the burden to demonstrate that material is privileged, since she is the party invoking the privilege. *Mayer v. Village of South Holland*, 2008 WL 4679483 (N.D.IL. 2008). Plaintiff has not and cannot meet her burden of establishing the elements of privilege in order to show that the privilege applies. *See, Id.; see also Ex.2.* Except for surmise, Plaintiff fails to cite to any authority establishing that the material is "protected."

18. Inasmuch as Plaintiff may possibly be asserting protection under the Illinois Mental Health and Developmental Disabilities Confidentiality Act ["Act"], 740 ILCS 110/3, this argument must fail as the Act does not provide any such protection in the present case. Section 3(c) only prohibits disclosure of the test materials that would compromise the testing. 740 ILCS 110/3(c). Here, there is no such risk as Defendants' expert Dr. Johnson is a board-certified psychiatrist (1984) and child psychiatrist (1985) with the American Board of Psychiatry and Neurology, who regularly administers and analyzes such tests. *Ex.4, affidavit; Ex.5, curriculum vitae.* Dr. Johnson attests that many of the tests proclaimed by Plaintiff's expert as "non-discoverable" are material Dr. Johnson is not only qualified to administer and review, but she does so regularly as part of her psychiatry practice. *Ex.4, affidavit.*

19. Furthermore, Defense counsel would agree to a protective order keeping the dissemination of the material limited to that of the parties' attorneys and experts, reserving the right to revisit the admissibility of the various material in future motions *in limine*. This would allow for Dr. Margery Johnson to promptly review the material and formulate her expert opinions in this case without further delay, while simultaneously protecting the integrity of the material. *See Mayer v. Village of South Holland,* 2008 WL 4679483 (N.D.IL 2008) (*protective order limiting who may see data protects the integrity of testing)*; *Wayne v. Officer Ralph Kirk #21*, 2016 WL 492338 (N.D.IL 2016).

20. Accordingly, Defendants respectfully request that the Plaintiff be ordered to produce the below itemized material by 29 November 2021:

   a. Children's Depression Rating Scale, Revised – Self Report (CDRS-R)

   b. Children's Depression Inventory- Second Edition (CDI-2)

   c. Trauma Symptoms Checklist for Young Children (TSCC)

   d. Trauma Screening Checklist Young Child PTSD Checklist

   e. Behavior Assessment System for Children - Third Edition - Self-Report- Interview (BASC-3-SRP)

   f. Behavior Assessment System for Children - Third Edition - Parent Rating Scales (BASC-3-PRS)

   g. Behavior Assessment System for Children, third edition

   h. House/Tree/ Person

21. Defendants further respectfully request an extension of time to disclose their rebuttal expert report, to 28 December 2021; and for the deposition of their expert to proceed on or before 31 January 2022.

**22.** The parties are currently in the midst of a summary judgment briefing schedule, and do not request that said schedule be extended. Defendants submit that the granting of this motion will not delay the currently pending motion schedule and will not cause any hardship or undue prejudice to any of the parties.

**WHEREFORE**, Defendants respectfully request this Honorable Court grant Defendants' Joint Motion to Compel Expert Opinion Basis Materials be produced by 29 November 2021; and to Extend the Expert Discovery Schedule such that Defendants' rebuttal expert disclosure is due by 28 December 2021, and said expert sit for deposition by 31 January 2022; and, for any other relief that this Honorable Court deems just.

Respectfully submitted,

CELIA MEZA
Corporation Counsel of the City of Chicago

By: /s/ Elaine C. Davenport
   Elaine C. Davenport-6272827
   Special Assistant Corporation Counsel
   SANCHEZ DANIELS & HOFFMAN LLP
   333 West Wacker Drive, Suite 500
   Chicago, Illinois 60606
   (312) 641-1555 - Telephone

   *On behalf of Defendant:*
   **KEVIN GEYER**

   /s/ Elizabeth A. Ekl
   Elizabeth A. Ekl – 6242840
   Special Assistant Corporation Counsel
   REITER BURNS LLP
   311 South Wacker Drive, Suite 5200
   Chicago, Illinois 60606
   (312) 982-0090 – Telephone

   *On behalf of Defendant:*
   **CITY OF CHICAGO**

Kimberly M. Foxx
State's Attorney of Cook County

By: /s/ John Power                    .
      John Power
      Assistant State's Attorney
      Richard J. Daley Center
      50 West Washington, Room 500
      Chicago, IL 60602

      *On behalf of the Defendants*
      **SHERIFF'S OFFICER WLODARSKI, SHERIFF THOMAS DART IN HIS OFFICIAL CAPACITY, AND COOK COUNTY**